**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**ROSIE NANCE, on behalf of herself,
and others similarly situated,**

    **Plaintiff,**

v.                                               Case No. 2:18-cv-00474-38UAM

**SALLY BEAUTY SUPPLY LLC, a
Foreign Profit Corporation,**

    **Defendant.**

_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, Rosie Nance ("Plaintiff"), and Sally Beauty Supply LLC ("Defendant"), by and through their respective undersigned counsel, hereby submit the terms of the Parties' settlement of the above-captioned matter and respectfully request the Court approve the proposed settlement agreement, attached as **Exhibit A**, and dismiss this case with prejudice. The Parties reached the proposed settlement during arbitration. The Parties submit the following memorandum of law in support of their motion.

**MEMORANDUM OF LAW**

**I.     BACKGROUND**

Plaintiff was previously employed by Defendant. During the time at issue in this lawsuit, Plaintiff worked as a customer service representative. Plaintiff alleges Defendant failed to compensate Plaintiff at the rate of one and one-half times Plaintiffs regular rate for all hours worked in excess of forty (40) hours in a single work week. Defendant denies these allegations. Records were kept of the hours worked by Plaintiff, and the Parties exchanged and reviewed the

records. During negotiations between counsel for the Parties, the Parties determined that the amount of time allegedly worked was minimal and that the proposed payments to Plaintiff included herein represents full payment to Plaintiff of all alleged unpaid wages under the FLSA, plus an equal amount of liquidated damages. The Parties separately negotiated a reasonable attorney's fee.

## II.   LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow

the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceeding and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

### III. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLMENT

As discussed above, Plaintiff acknowledges that the settlement amount represents full compensation for her FLSA claims for all unpaid wages, plus an equal amount of liquidated damages and a reasonable attorney's fee. Accordingly, the settlement is fair.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against her former employer, which was adversarial in nature. Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006). Here each Party was independently represented by experienced counsel and the settlement was negotiated between

counsel, in consultation with the Parties. Plaintiff agrees she is being fully compensated for a reasonable estimate of her alleged wages, liquidated damages, and attorneys' fees. The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs.

The Parties agree that they have been able to properly evaluate the claims and Plaintiff has at all times been represented by counsel. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable, as Plaintiff was fully compensated and her attorney was fully paid.

The Parties further advise the Court that a material term of the Parties' settlement involves the dismissal of this action with prejudice.

## IV.  THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiff's attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

4

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment of $4,000.00 for Plaintiff's attorney's fees and costs provides for the resolution of all attorneys' fees and costs allegedly owed to Plaintiff's counsel. The Parties agreed on the additional amount of fees and costs to be paid to Plaintiff's counsel after agreeing on the amounts to be paid to Plaintiff. Based upon the foregoing, the payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

## V. TERMS OF SETTLEMENT

The Parties hereby submit the terms of the settlement. As set forth in the attached Exhibit A, the Parties have agreed to settle this case as follows. Plaintiff will be paid $1,575.00 in lost wages (minus applicable taxes). Plaintiff will receive an equal amount ($1,575.00) in liquidated damages. The $4,000.00 in attorney's fees and costs was negotiated separately from the amounts paid to Plaintiff.

## VI. CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

DATED:  July 12, 2019.

Respectfully submitted,

| | |
|---|---|
| */s/ Bill B. Berke* | */s/ Lara J. Peppard* |
| Bill B. Berke | Lara J. Peppard |
| Florida Bar No. 0558011 | Florida Bar No. 0520055 |
| BERKE LAW FIRM, P.A. | OGLETREE, DEAKINS, NASH, SMOAK |
| 4423 Del Prado Boulevard South | & STEWART, P.C. |
| Cape Coral, FL 33904 | 100 North Tampa Street, Suite 3600 |
| Telephone: (239) 549-6689 | Tampa, Florida 33602 |
| E-mail: berkelaw@yahoo.com | Telephone:  (813) 289-1247 |
| *Attorney for Plaintiff* | Facsimile:   (813) 289-6530 |
| | E-mail: lara.peppard@ogletreedeakins.com |
| | *Attorney for Defendant* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will furnish a copy to counsel of record.

*/s/ Lara J. Peppard*
Attorney

36241052.1