UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSIE NANCE, on behalf of herself
and others similarly situated,

    Plaintiff,

v.                                    Case No:    2:18-cv-474-FtM-38NPM

SALLY BEAUTY SUPPLY LLC, a
foreign profit corporation,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on review of a Joint Motion to Approve Settlement and Memorandum in Support Thereof. (Doc. 21). Plaintiff Rosie Nance and Defendant Sally Beauty Supply, LLC request that the Court approve the parties' settlement of the Fair Labor Standards Act claims asserted in this case. After a careful review of the parties' submissions and the court file, the Court recommends approval of the proposed settlement.

## LEGAL STANDARD

This action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. In this Circuit, parties may not settle (by joint dismissal or otherwise) an FLSA action without providing the Court at least some information concerning the resolution of the claims—not even parties receiving vigorous representation from counsel—because "the FLSA, a statute famously designed to preempt in certain particulars the possibility of private agreement, remains immune to the unsupervised intrusion of a private agreement." *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1237

(M.D. Fla. Apr. 19, 2010); *see also id.* at 1245 (statutory rights granted by the FLSA have a "private—public character") (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945) (holding that employees may not waive any rights conferred by the FLSA when there is no dispute concerning both the applicability of the FLSA and the amount of unpaid wages)).

Thus, even a "full compensation" agreement by which all of plaintiff's claims for wages and liquidated damages are paid in full—plus costs and a reasonable attorney's fee—can be jointly dismissed by the parties only if they adequately assure the Court that neither an "exchange of another valuable consideration of any kind," nor the forbearance of any valuable right of the plaintiff, is included in the agreement or any "side deal." *Id*. at 1239-1240.

When there is anything short of a full compensation agreement, the parties' proposed agreement must be filed on the public docket and presented to the district court for approval.

> Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee.  The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages.  If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage.

*Id*. at 1241-42.  The agreement may not prospectively waive any FLSA rights, and it must award employee's counsel a reasonable fee that does not taint the employee's recovery. *Id*. at 1243.[1]  Moreover, even if the agreement would be a reasonable resolution of the

---

[1] If the parties submit a proposed FLSA settlement that (1) constitutes a compromise of

employee's claims, the Court must also ensure that it does not frustrate the implementation of the FLSA, such as leaving claims of similarly situated employees or recurring issues unresolved.  *Id.* at 1244.  Finally, any additional terms, such as non-disparagement or confidentiality provisions, must be for the benefit of the employee only or in furtherance of the employee's interests.  See *Zdun v. Virtu Cathedral Associates*, LLC, Case No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."  *Dees*, 706 F. Supp 2d at 1241.  Nevertheless, the Court must scrutinize an FLSA settlement for fairness, including an evaluation of:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

---

the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.   However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

**CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT**

In the Complaint, Plaintiff alleges that she worked as a customer service representative at two locations for Defendant. (Doc. 1 at 3). Plaintiff claims that Defendant paid Plaintiff an hourly wage, yet she was required to make bank deposits off the clock and work during her lunch break. (*Id.*). Plaintiff also alleges that she worked in excess of forty (40) hours per week, but Defendant failed to pay her proper compensation for these additional hours. (*Id.* at 4). Defendant denies these allegations and argues that the amount of time allegedly worked was minimal. (Doc. 21 at 1). However, the parties were able reach a settlement during arbitration.

In evaluating the factors discussed in *Dees* to determine fairness and reasonableness, counsel for both parties are of the opinion that a settlement is appropriate after conducting a thorough investigation. (Doc. 21 at 4). The parties assert that there is no fraud or collusion. (*Id.* at 3). And, given the complexity, expense, likely duration of the litigation, and the probability of success, the parties also decided that these factors militate in favor of the proposed settlement. (*Id.*).

Even though a *bona fide* dispute exists between the parties, the parties successfully negotiated a settlement of Plaintiff's claims. (Doc. 21 at 1).

*Monetary Terms*

After an investigation and exchange of information, the parties agree to settle this matter with the following terms: (1) $1,575 for unpaid overtime wages; and (2) $1,575 for liquidated damages. (Doc. 21-1 at 3). The monetary terms appear to represent a fair and reasonable resolution of the dispute.

*Attorney's Fees*

The proposed settlement also includes an agreement that Defendant pay Plaintiff's attorney's fees in the amount of $4,000. (Doc. 21-1 at 3). The parties state, "[a]s part of the [p]arties' settlement, Plaintiff's attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery." (Doc. 21 at 4).

In the instant case, a settlement was reached, and the attorneys' fees were negotiated only after agreeing to the amounts to be paid to Plaintiff. (Doc. 21 at 5). Therefore, the proposed settlement of Plaintiff's attorneys' fees is reasonable and fair.

Upon consideration of the foregoing, it is recommended that the proposed settlement in this case is fair and reasonable and should be approved by the Court.

Accordingly, it is respectfully **RECOMMENDED** that:

1) The Joint Motion to Approve Settlement and Memorandum in Support Thereof (Doc. 21) be **GRANTED**.
2) The Settlement Agreement and Release of Fair Labor Standards Act Claims (Doc. 21-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.
3) Defendant Sally Beauty Supply, LLC be dismissed with prejudice.
4) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 17, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties